IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMANDA LYNN DAUGHERTY, *Plaintiff*, | § § § § § § § § | |
| v. | | CIVIL ACTION NO. 9:21-CV-00066 |
| EDWARD D. JONES & COMPANY, L.P., *Defendant*. | | JUDGE MICHAEL TRUNCALE |

## **ORDER ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Renewed Motion to Dismiss Under Rule 12(b)(6). [Dkt. 20]. Defendant seeks to dismiss only Plaintiff's business disparagement claim. After considering all pleadings, facts, and applicable law, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's business disparagement claim. [Dkt. 20].

### I. BACKGROUND

Amanda Daugherty ("Plaintiff") alleges that Edward D. Jones & Company, L.P. ("Defendant") wrongfully terminated her employment in violation of Title VII of the Civil Rights Act of 1964 and then disparaged her business. Here, Defendant focuses only on Plaintiff's business disparagement claim. Plaintiff has already amended her Complaint once. [*See* Dkt. 18]. This Motion was filed on December 15, 2021. [Dkt. 20]. Plaintiff has neither filed a Response nor moved the Court for an extension of time to do so.

### II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A party's claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the "complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges facts that, accepted as true, allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While a court must accept the facts in the complaint as true, it will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### III. DISCUSSION

Defendant contends that Plaintiff's business disparagement claim should be dismissed because Plaintiff has failed to plead with sufficient specificity and, in the alternative, the claim is actually a defamation claim and, therefore, subject to and barred by the one-year statute of limitations for defamation claims. The Court finds that Plaintiff's business disparagement claim fails because Plaintiff has not properly pleaded a business disparagement claim, and, to the extent it may be read as a defamation claim, it is barred by the statute of limitations. The Court discusses each in turn.

#### A. *Plaintiff does not properly plead a business disparagement claim.*

"To prevail on a business disparagement claim, the plaintiff must prove: (1) publication by the defendant of false and disparaging words about the plaintiff; (2) malice; (3) lack of privilege; and (4) special damages to the plaintiff." *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (quoting *Fluor Enters., Inc. v. Conex Int. Corp.*, 273 S.W.3d 426, 433 (Tex. App.—Beaumont 2008, pet. denied). Defendants argue that Plaintiff did not plead any of these requirements sufficiently; however, because all elements are necessary, the Court need only find that Plaintiff has not sufficiently plead *one*.

The Court begins with Defendant's contention that Plaintiff has not properly alleged special damages. The Court agrees. "To prove special damages, a plaintiff must provide evidence" of "a direct pecuniary loss that has been realized or liquidated, such as specific lost sales, loss of trade, or loss of other dealings." *See Encompass*, 775 F. Supp. 2d at 959 (quotation and internal quotation marks omitted). In her Amended Complaint, Plaintiff does not plead the loss of any *specific* referral, client, offer, or sum. [*See generally* Dkt. 18]. Instead, she avers that she suffered special damages due to Defendant's conduct in the form of "lost referrals, loss of clients, job offers and income." [Dkt. 18 at 15].[1] This is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *See Ashcroft*, 556 U.S. 662 (citing *Twombly*, 550 U.S. at 555). It is insufficient. *See Encompass*, 775 F. Supp. 2d at 959 (finding an averment that disparaging statements caused the plaintiff "to suffer lost profits and lost goodwill/business reputation" was insufficient). While Plaintiff mentions a few clients by name who allegedly heard disparaging statements, she does not allege that she *lost* these clients due to those statements. [Dkt. 18 at ¶¶ 76, 79, 81]. In fact, Plaintiff does not allege that she lost their patronage at all. Plaintiff even confirms that one client, Traci Sanchez, informed Plaintiff that another financial advisor had told her to give the new financial advisor a chance. [Dkt. 18 ¶ 76 n.24].

Plaintiff's failure to adequately plead special damages is sufficient to dismiss her business disparagement claim because "a plaintiff seeking damages for business disparagement *must prove* special damages resulting from the harm." *Waste Mgmt. of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex. 2014). Therefore, while the Court acknowledges that

---

[1] The Court notes that any injury to Plaintiff's reputation is classified as noneconomic and not a special damage. *Waste Mgmt. of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 153–54 (Tex. 2014).

3

some of Defendant's other attacks on Plaintiff's business disparagement claim may be meritorious, it need not proceed further in its 12(b)(6) analysis. The claim fails as a matter of law.[2]

### B. Masquerade.

The Court briefly addresses Defendant's assertion that Plaintiff's business disparagement claim is not a business disparagement claim but a defamation claim. Unlike business disparagement claims, defamation claims do not require a showing of special damages. This is because these two causes of action protect different interests. *Glassdoor, Inc. v. Andra Grp.*, 575 S.W.3d 523, 527 (Tex. 2019) (citation omitted). "[W]hile a defamation claim 'seeks to protect reputation interests,' a business disparagement claim 'seeks to protect economic interests against pecuniary loss' and thus requires proof of special damages resulting from the harm." *Id.* (quoting *Waste Mgmt.*, 434 S.W.3d at 155).

But, while the damages showing is perhaps more lenient, the statute of limitations for defamation claims is less forgiving. While business disparagement claims enjoy a two-year statute of limitations, defamation claims must be brought within only one year. *Compare Glassdoor*, 575 S.W.3d at 527, *with Hamad v. Ctr. for Jewish Cmty. Stud.*, 265 F. App'x 414, 416 (5th Cir. 2008), *and* TEX. CIV. PRAC. & REM. CODE § 16.002(a). Claims for both actions "generally accrue when the allegedly defamatory matter is published or circulated." *Glassdoor*, 575 S.W.3d at 528 (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex. 1998)).[3] "Texas courts have applied a one-year statute of limitations to business disparagement claims where the gravamen of the complaint is injury to the plaintiff's reputation because of allegedly defamatory statements." *Hamad*, 265 F.

---

[2] Defendant thoroughly attacks Plaintiff's claim. In addition to the arguments covered here, Defendant avers that the claim must fail because Plaintiff does not sufficiently plead: (1) that Defendant published the statements (through *respondeat superior*); (2) malice; (3) lack of privilege; and (4) falsity. [Dkt. 20 at 2].

[3] Plaintiff has not responded to this Motion or otherwise proffered an argument for tolling. While this Court must make inferences in favor of Plaintiff, it will not craft creative arguments in her stead.

App'x at 417 (citing *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710–11 (Tex. App.—Fort Worth, 1998)).

As discussed, Plaintiff's business disparagement claim fails due to a lack of special damages. Her claim also fails as a defamation action because it is time-barred. *See, e.g.*, *id.* (affirming dismissal for, in part, business disparagement claims based on allegedly defamatory statements based on a one-year statute of limitations period). This suit was filed on April 6, 2021. When Plaintiff *does* provide specific dates or time frames for the alleged harmful statements, all fall outside of the one-year statute of limitations for defamation claims, and some even fall outside of the *two-year* statute of limitations for business disparagement claims. [*See* Dkt. 18 at ¶¶ 76 n.24 (April 23, 2019), 79 n.26 (June 8, 2018), 81 ("late June 2018")]. Again, the claim does not survive.

### IV. CONCLUSION

For the reasons foregoing, the Court **GRANTS** Defendant's Motion to Dismiss. [Dkt. 20]. The Court notes for good measure that this Motion *only* concerns Plaintiff's business disparagement claim. The rest of her case may proceed.

**SIGNED this 5th day of April, 2022.**

Michael J. Truncale
United States District Judge

5