IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AMANDA LYNN DAUGHERTY,<br>*Plaintiff*,<br><br>v.<br><br>EDWARD D. JONES & COMPANY, L.P.,<br>*Defendant*. | CIVIL ACTION NO. 9:21-CV-00066<br>JUDGE MICHAEL J. TRUNCALE |

# ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment. [Dkt. 28]. Defendant filed this Motion on May 4, 2022. Plaintiff did not submit a Response. After carefully considering all applicable facts and law, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

Amanda Daugherty ("Plaintiff") filed this suit against her former employer Edward D. Jones & Company ("Defendant") on April 6, 2021. [Dkt. 1]. Defendant is a financial services firm based in St. Louis, Missouri. [Dkt. 28 at 7]. Plaintiff worked as a Financial Advisor for Defendant's Nacogdoches, Texas branch beginning November 30, 2015. [Dkt. 28-4 at ¶ 3]. Before her start date, Plaintiff executed several pre-employment documents, including the Defendant's sexual harassment, nondiscrimination, anti-harassment, and anti-retaliation policies. [Dkt. 28-4 at ¶ 4; Dkts. 28-5, 28-6, 28-7, 28-8]. Plaintiff never reported any incidents of sex discrimination, sexual harassment, or retaliation during her tenure, nor did anyone else make a report on her behalf. [Dkt. 28-4 at ¶ 11].

### A. Christopher Gervais.

Plaintiff met Christopher Gervais ("Gervais") at a corporate training event in 2015. [Dkt. 28-2 at 87:11–88:23]. Like Plaintiff, Gervais worked for Defendant as a Financial Advisor, but he was located in the Winona, Minnesota office. [Dkt. 28-4 at ¶ 6]. Gervais and Plaintiff kindled a consensual,[1] sexual relationship. *E.g.*, [Dkt. 28-2 at 132:6–139:17, 150:6–18, 156:7–160:8, 171:1–177:21, 192:20–196:11, 222:25–225:16; Dkt. 28-10 at 6–8]. Gervais sent Plaintiff letters and gifts, including his shorts or boxers, flowers, and a Bible. [Dkt. 28-3 at 16:3–17:10].

Eventually, Plaintiff's husband learned of the affair and so did Defendant. [Dkt. 28-2 at 204:7–206:23; Dkt. 28-4 at ¶¶ 7–10, 12]. Gervais was terminated on September 2, 2016 for violating company guidelines due to his affair with Plaintiff and another instance of unprofessional conduct. [Dkt. 28-4 at ¶ 12; Dkt. 28-11 at 3; Dkt. 28-10 at 8–10].[2] That same day, Defendant reprimanded Plaintiff for her "Unprofessional/Inappropriate Behavior" with Gervais and admonished that any future infractions could result in termination. [Dkt. 28-4 at ¶ 13; Dkt. 28-12]. Although the pair continued to meet after Gervais's termination, [Dkt. 28-2 at 222:25–228:20], Plaintiff eventually reconciled with her husband. [Dkt. 28-3 at 110:12–15]. The tryst ended in October 2016, and Plaintiff and Gervais last communicated in February 2017. [Dkt. 28-2 at 222:25–228:20].

### B. Kathy Parker.

Kathy Parker ("Parker") was the Branch Office Administrator ("BOA") for Defendant's Nacogdoches Branch. [Dkt. 28-25 at ¶ 2]. As BOA, Parker reported to and assisted Plaintiff from

---

[1] In her Amended Complaint and EEOC Charge, Plaintiff alleged that Gervais sexually assaulted her. [Dkt. 18 at ¶¶ 16–25; Dkt. 28-27]. Plaintiff's own testimony shatters this narrative.

[2] Gervais's U5 Form explains his reason for termination: "Violated Firm's Human Resources policies/guidelines. Not securities or client related." [Dkt. 28-11 at 3]. This contradicts Plaintiff's EEOC Charge, which averred that "Mr. Gervais could resign without a mark on his record." [Dkt. 28-27].

2

November 30, 2015 to April 18, 2019. *Id.* Parker and Plaintiff developed a friendship, and Plaintiff shared intimate details about her personal life—including her sexual exploits—with Parker. [Dkt. 28-3 at 13:1–14:19, 20:23–21:13; Dkt. 28-25 at ¶ 3]. Parker also assisted Plaintiff with her children, who were routinely in the office. [Dkt. 28-3 at 23:2–25:22; Dkt. 28-25 at ¶ 5].

In January 2019, Plaintiff complained to Associate Relations about Parker's performance, and Parker received a written warning as a result. [Dkt. 28-4 at ¶ 14; Dkts. 28-13, 28-14]. Then, Parker herself contacted Associate Relations in March 2019 to express her concerns regarding Plaintiff's leadership ability, Plaintiff's conduct, and the state of the Nacogdoches branch. [Dkt. 28-4 at ¶ 15]. Parker accused Plaintiff of creating a hostile work environment and forcing her to work overtime without adequate compensation. *Id.*[3]

These concerns prompted an investigation and an in-person visit to the Nacogdoches branch on April 16, 2019. *Id.* at ¶ 16. Both Plaintiff and Parker were interviewed, and Plaintiff was suspended after the in-person visit. *Id.* at ¶¶ 16, 18. Then, after reviewing all data collected during the investigation, Defendant concluded that Plaintiff violated numerous policies and guidelines, such as: guidelines for children in the workplace; anti-harassment and anti-bullying policies; sexual harassment policies; Defendant's Code of Conduct and Core Values; Defendant's General Leadership Guidelines; Respect in the Workplace Training; and wage and hour policies. *Id.* at ¶ 19; *see also* [Dkts. 28-5, 28-7, 28-19, 28-20, 28-21, 28-22]. Defendant also determined that Plaintiff "displayed multiple instances of unprofessionalism, and exhibited poor leadership skills, especially in connection with Parker." [Dkt. 28-4 at ¶ 20]. Thus, Defendant terminated Plaintiff's

---

[3] In a supporting fax sent to Associate Relations, Parker discussed, among other issues: (1) safety concerns involving Plaintiff's husband due to the affair; (2) Plaintiff's graphic discussions regarding her sexual activities; (3) Plaintiff's making Parker facilitate and conceal Plaintiff's affair with Gervais; (4) Plaintiff's regularly bringing her children to work; (5) Plaintiff's making Parker babysit the children; (6) Plaintiff's showing Parker sex toys; and (7) Plaintiff's requiring Parker to work overtime without proper compensation. [Dkts. 28-25; 28-26].

3

employment on April 18, 2019, specifying "[n]onconformity with HR policies/guidelines" and "[n]ot securities or client related" in Plaintiff's U5 Form. *Id.* at ¶¶ 20, 21; *see also* [Dkt. 28-23; Dkt. 28-24 at 3]. In June 2019, Dane Phillips, who had a clean disciplinary record, took over Plaintiff's position. [Dkt. 28-25]. Parker remains in the Nacogdoches branch, assisting Phillips.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") on February 12, 2020. [Dkt. 28-27]. In this suit, Plaintiff alleges that Defendant wrongfully terminated her employment in violation of Title VII of the Civil Rights Act of 1964 and then disparaged her business. On December 15, 2021, Defendant moved to dismiss *only* Plaintiff's business disparagement claim. [Dkt. 20]. This Court granted that Motion on April 5, 2022. [Dkt. 27]. On May 4, Defendant filed this Motion for Summary Judgment, covering Plaintiff's remaining claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* [Dkt. 28]. The time for Plaintiff to file a Response has come and gone. The Court has reached a decision.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (internal citations omitted); FED. R. CIV. P 56(c). An issue is material if its resolution could affect the outcome of the action. *DIRECTV*, 420 F.3d at 536. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* All reasonable inferences must be drawn in favor of the nonmoving party. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002). There is no genuine issue of material fact if, when the evidence is viewed in the light most favorable to the nonmoving party, no reasonable

trier of fact could find for the nonmoving party. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (citations omitted).

### III. DISCUSSION

Having already frustrated Plaintiff's business disparagement claim, Defendant now moves to dissolve Plaintiff's Title VII claims. Here, the Court addresses Defendant's attacks on Plaintiff's two remaining Title VII claims: sexual harassment and sex discrimination.

#### A. *Plaintiff's Title VII sexual harassment claim fails as a matter of law.*

Plaintiff avers that Gervais sexually harassed her. Defendant contends that *all* of Plaintiff's sexual harassment allegations are time barred. Title VII claims are subject to strict time limitations. Namely, an employee must file her EEOC charge within 300 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed her Charge on February 12, 2020. [Dkt. 28-27]. It is devoid of dates, but, in both her Amended Complaint and deposition testimony, Plaintiff pinpoints the alleged harassing conduct to 2015 and 2016.[4] *See, e.g.*, [Dkt. 18 at ¶¶ 16–22 (occurring 2015), 23–25, 62, 67 (occurring 2016); Dkt. 28-2 at 222:25–227:20 (occurring 2016)]. In deposition, she admits that the last time she had *any* contact with Gervais was February 2017. [Dkt. 28-2 at 226:15–19]. She does not cite any instances of alleged sexual harassment that are not time barred.

Accordingly, Plaintiff's claim fails as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."); *see also United Air Lines, Inc. v. Evans*, 431

---

[4] Plaintiff characterizes *all* these instances as consensual in her own deposition. For simplicity, the Court styles these events as "alleged harassment," in line with Plaintiff's Amended Complaint and Charge. Since everything is time barred, the Court need not reach the merits of whether the conduct was consensual.

5

U.S. 553, 558 (1977) ("A discriminatory act which is not made the basis for a timely charge . . . . is merely an unfortunate event in history which has no present legal consequences."). The Court **GRANTS** Summary Judgment in Defendant's favor.[5]

### B. Plaintiff's Title VII sex discrimination claim fails because Plaintiff did not raise a genuine dispute of material fact.

Plaintiff alleges sex discrimination under Title VII. The precise nature of this cause of action is not clearly pleaded, but Defendant interprets the Amended Complaint as pleading that Plaintiff was subjected to discrimination, including her termination, on the basis of her sex. [Dkt. 28 at 23]. The Court agrees with this assessment. *See, e.g.*, [Dkt. 18 at ¶ 32 (complaining that Defendant utilized the alleged harassment by Gervais "as a basis for" terminating Plaintiff)].

The Court analyzes Plaintiff's claim under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, Plaintiff must first establish a *prima facie* case of discrimination by producing evidence that she:

> (1) is a member of a protected class, (2) was qualified for the position that she held, (3) was subject to an adverse employment action, and (4) was replaced by someone outside of her protected class or treated less favorably than other similarity-situated employees who were not in her protected class.

*Harville v. City of Hous., Miss.*, 945 F.3d 870, 874–75 (5th Cir. 2019). Then, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 875. If Defendant carries its burden, then the onus yet again rests with Plaintiff to demonstrate that Defendant's proffered reason is merely pretextual. *Id.* The Court need not explore Defendant's argument that Plaintiff cannot carry its initial burden of setting out a *prima facie* case.[6] This is

---

[5] Because Plaintiff's sexual harassment allegations are untimely, the Court need not address Defendant's other arguments that Plaintiff cannot meet her *prima facie* burden under Title VII and that Plaintiff's claim folds under the *Faragher–Ellerth* Defense. [Dkt. 28 at 17–22].

[6] Regarding Plaintiff's ability to set out a *prima facie* case: for the reasons articulated in Section III-A, Plaintiff's claim is time barred to the extent that it is predicated on events occurring 300 days prior to Plaintiff's filing her EEOC Charge. This includes the alleged harassment by Gervais.

6

because, even if Plaintiff *could* establish a *prima facie* case, Defendant has produced legitimate, nondiscriminatory reasons that Plaintiff has not attempted to parry.

An April 16, 2019 corporate investigation into Plaintiff's branch uncovered that: Parker was required to babysit Plaintiff's children at the office; Plaintiff created a permanent space for her children in the office, complete with a child carrier, play pen, toys on the floor, changing pad, diapers, breast pump supplies, and similar items; Plaintiff accidentally showed a nude photo of herself to a client; Plaintiff's children were disruptive in the office when clients were present; Plaintiff had inappropriate discussions with Parker; and Plaintiff overall failed to demonstrate strong leadership skills and professionalism. [Dkt. 28-3 at 28:20–29:9, 29:12–31:15; Dkt. 28-4 at ¶¶ 16–20; Dkt. 28-18]. Defendant also argues Plaintiff was terminated due to her violating multiple company policies and guidelines. [Dkt. 28-4 at ¶¶ 19, 20; Dkt. 28-23; Dkt. 28-24 at 3]. Violating company policy *alone* is a legitimate, nondiscriminatory reason for termination. *E.g.*, *Eaglin v. Texas Children's Hosp.*, 801 F. App'x 250, 256 (5th Cir. 2020); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

Defendant carried its burden, and now Plaintiff must point to reasons why Defendant's proffered reasons are pretextual. But Plaintiff did not Respond to this Motion. Plaintiff did not point to evidence that would create a genuine issue of material fact that this Court would be duty-bound to reserve for the eyes and ears of an eager jury.[7] Therefore, the Court must **GRANT** summary judgment in Defendant's favor.

### IV.    CONCLUSION

Thus, the Court finds that Plaintiff's sexual harassment claim fails as a matter of law because it is time barred and that Plaintiff's sex discrimination claim fails because Plaintiff has not

---

[7] *See* E.D. TEX. LOCAL RULE CV-7(d) ("A party's failure to oppose a motion . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

generated a genuine dispute of material fact. Defendant's Motion for Summary Judgment is **GRANTED** in its entirety.

**SIGNED this 16th day of June, 2022.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge